**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Alfredo YERENA, Defendant—Appellant.**

No. 01–30063.

D.C. No. CR–99–30032–AA.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002.*

Decided Feb. 22, 2002.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Cruz's request for oral argument.

Before B. FLETCHER, T.G. NELSON and TALLMAN, Circuit Judges.

## MEMORANDUM **

Jose Alfredo Yerena appeals his 97–month sentence following his conviction by jury for one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846, and one count of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Yerena contends that the district court committed a substantive error by referring to its cautious estimate of the amount of methamphetamine and corresponding reduction of offense level as a "downward departure." This contention lacks merit. Yerena has failed to articulate any negative effect that the court's mischaracterization had on his sentencing. Accordingly, the misstatement was harmless. *Cf. United States v. Mendoza,* 121 F.3d 510, 513–14 (9th Cir.1997) (applying harmless error analysis).

Yerena also contends that the district court abused its discretion by refusing to depart based on an over-representation of his criminal history. The record shows that the district court was aware that it had the authority to depart and exercised its discretion in choosing not to do so. Accordingly, we lack jurisdiction to review this claim. *See United States v. Eyler,* 67 F.3d 1386, 1390 n. 5 (9th Cir.1995).

Finally, Yerena contends that the district court erred by denying his request for a downward adjustment for his minor role. This contention also lacks merit. In denying Yerena a minor role adjustment, the district court adopted the findings of the presentence report which noted that it was Yerena who introduced the parties, thus making the transaction possible, and that Yerena was present while the deal was being made. As Yerena has presented no facts to refute the district court's findings, he has failed to prove by a preponderance of the evidence that he was entitled to a minor role adjustment. U.S. Sentencing Guidelines Manual § 3B1.2, cmt. background; *United States v. Benitez,* 34 F.3d 1489, 1497 (9th Cir.1994) (providing that in order to be entitled to a minor role adjustment, a defendant must be substantially less culpable than his co-participants). Accordingly, the district court's denial of the adjustment was not clearly erroneous. *See id.*

**AFFIRMED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.